IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, et al., <br><br> Plaintiffs, <br> v. <br><br> INVISION SIGN, LLC, <br><br> Defendant. | Civil Action No. 1:21-cv-00300-LMB-MSN |

**REPORT & RECOMMENDATION**

This matter comes before the Court on Plaintiffs' Motion for Default Judgment (Dkt. No. 7) against defendant Invision Sign, LLC ("defendant"). Having reviewed the record, the undersigned Magistrate Judge recommends that the Court enter default judgment against defendant in the total amount of $17,862.55.

**I.     Background**

On March 11, 2021, plaintiffs filed this action against defendant for failure to submit timely remittance reports and contribution payments, pursuant to a collective bargaining agreement in violation of Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Defendant's authorized agent was served by private process server on March 15, 2021. *See* Executed Summons (Dkt. No. 4). Defendant did not enter an appearance or otherwise respond to the Complaint, and, on April 8, 2021, the Clerk entered defendant's default. *See* Entry of Default (Dkt. No. 6). On April 13, 2021, Plaintiffs filed the instant Motion for Default Judgment. (Dkt. No. 7). Defendant failed to appear

at the hearing on this Motion on May 7, 2021 before the Honorable John F. Anderson, and the matter was taken under advisement.

## II.     Standard

Default judgment is appropriate if the well-pled allegations of the complaint establish a plaintiff's entitlement to relief and the defendant has failed to plead or defend within the time frame contained in the rules. Fed. R. Civ. P. 55; *Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). By defaulting a defendant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting the factual allegations in complaint). Here, as defendant has not answered or otherwise timely responded, it has admitted the well-pled allegations of fact contained in the Complaint.

## III.    Jurisdiction and Venue

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under federal law. Personal jurisdiction under 29 U.S.C. §§ 185(a) and 1132(e)(2) and venue pursuant to 28 U.S.C. § 1391 are proper because the funds in question are administered within the Eastern District of Virginia and because a substantial part of the events or omissions giving rise to the claims against Defendant occurred in this District. *See Bd. of Trs., Sheet Metal Workers Nat'l Pens. Fund v. McD Metals, Inc.*, 964 F. Supp. 1040, 1045 (E.D. Va. 1997).

## IV.     Facts

The following facts are established by the Complaint and by the memorandum, declarations, and exhibits submitted in support of plaintiffs' Motion for Default Judgment.

Plaintiffs in this matter are trust funds and their fiduciaries. Plaintiffs, the Boards of Trustees, are "fiduciaries" with respect to the funds, as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). Compl. at 5. The Boards of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), and The Sheet Metal Workers' International Association Scholarship Fund ("Scholarship Fund") are jointly trusteed trust funds created and maintained pursuant to Section 302(c) of LMRA, 29 U.S.C. § 186(c), and "multiemployer plans" as defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). *Id*. The Plaintiff funds are administered in Falls Church, Virginia. *Id*. at 3-5.

Defendant is a New Jersey corporation. *Id*. ¶ 10. At all relevant times, Defendant was an "employer" within the meaning of 29 U.S.C. §§ 152(2) and 1002(5), and was engaged in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§ 1002(11) and (12). *Id*. ¶ 10. At all relevant times, defendant employed persons represented for the purposes of collective bargaining by the International Association of Sheet Metal, Air, Rail and Transportation Union (formerly known as the Sheet Metal Workers' International Association), Local Union 19 ("Local 19" or the "Union"), and remains a signatory to a collective bargaining agreement (the "Agreement") with Local 19. *Id*. ¶ 11. Pursuant to the terms of the Agreement, defendant was required to submit monthly remittance reports and contribution payments to plaintiffs. *Id*. ¶ 12.

Defendant failed to pay required contributions in the amount of $16,205.81 for the month of January 2020. *Id.* ¶ 20. Defendant made a partial payment of $10,008.61 on May 22, 2020 towards this January balance. *Id.* The remaining balance for January 2020 is $6,196.40. *Id.*

4

Defendant owes $216.72 in interest and $1,000.86 in liquidated damages for the partial late payment and $587.46 in interest and $1,239.28 in liquidated damages on the remaining unpaid January 2020 balance. *Id.* Defendant owes contributions for February 2020 in the amount of $4,051.25, plus $353.21 in interest and $810.25 in liquidated damages. *Id.* ¶ 21.

Through the instant action, Plaintiffs seek a judgment against Defendant for the payment of all delinquent contributions plus liquidated damages, interest, attorneys' fees, and costs pursuant to the Agreement and ERISA.

## V.  Discussion and Findings

Having examined the record, the undersigned finds that the well-pled allegations of fact contained in the Complaint and supported by Plaintiffs' Memorandum of Law, declarations, and exhibits in support of default judgment establish that defendant failed to make monthly contributions to plaintiffs on behalf of its Local 19 employees. Defendants' failure to make these required payments violated the Agreement and ERISA, 29 U.S.C. § 1145, and therefore plaintiffs are entitled to default judgment in their favor and damages as detailed below.

### A.  Unpaid Contributions, Interest, and Liquidated Damages

Plaintiffs' complaint asserts that defendant owes missed contributions in the amounts of $6,196.40 for January 2020 and $4,051.25 for February 2020. (Dkt. No. 1) ¶¶ 20-21. Under Article V, Section 2 of the Agreement, Defendant is further liable to Plaintiffs for interest on the delinquent contributions at a rate of 0.0233% per day, totaling $1,280.51 through May 1, 2021, as well as liquidated damages totaling $3,050.39. *Id.* at 9. Pursuant to the Agreement and ERISA, 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to recover these amounts.

### B.  Attorneys' Fees and Costs

Plaintiffs are also entitled to all reasonable legal fees and costs incurred in the collection of delinquent contributions. The Declaration of Diana M. Bardes establishes that plaintiffs have

incurred $3,284.00 in attorney's fees and costs in connection with this matter. (Dkt. No. 8-2). The undersigned has examined the record and finds that these amounts are reasonable compensation for work necessarily expended to enforce plaintiffs' rights. Accordingly, the undersigned recommends that plaintiffs be awarded this amount in addition to the damages set forth above.

## VI. Recommendation

In conclusion, the undersigned recommends that default judgment be entered against Defendant in favor of Plaintiffs in the amounts discussed above, totaling $17,862.55.

## VII. Notice

By means of the court's electronic filing system, and by mailing a copy of this Report and Recommendation to Defendant at its address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

May 11, 2021
Alexandria, Virginia