IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | 1:21-cv-300 (LMB/MSN) |
| v. | ) ) ) | |
| INVISION SIGN, LLC, | ) | |
| Defendant. | | |

## ORDER

Before the Court is a Report and Recommendation ("Report") issued by a magistrate judge on May 12, 2021 [Dkt. No. 11], which recommended that the Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b) [Dkt. No. 7] filed by plaintiffs Boards of Trustees of the Sheet Metal Workers' National Pension Fund, Board of Trustees for the International Training Institute for the Sheet Metal and Air Conditioning Industry, Board of Trustees for the Sheet Metal Workers' International Association Scholarship Fund, and Board of Trustees for the National Stabilization Agreement of the Sheet Metal Industry Trust Fund (collectively, "plaintiffs") be granted and that default judgment in the total amount of $17,862.56 be entered against defendant Invision Sign, LLC ("defendant"). Id. at 6. The parties were advised that any objections to the Report had to be filed within 14 days and that failure to file a timely objection waived the right to appeal any judgment based on the Report. Id. As of June 29, 2021, no party has filed an objection. The Court has reviewed the Report, plaintiffs' Motion for Default Judgment, and the case file and adopts the Report in full.

The magistrate judge correctly determined that the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because it is brought under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Id. at 1-3. The magistrate judge also correctly concluded that this Court has personal jurisdiction over defendant and that venue is proper in this district under 29 U.S.C. § 185(a) and 29 U.S.C. § 1132(e)(2) because the respective funds are administered in this district. Id. Lastly, the magistrate judge has correctly concluded that plaintiffs properly served defendant by serving the summons and complaint on its authorized representative on March 15, 2021 and that defendant has not entered any appearance in this action. Id. at 2.

The Court finds that the magistrate judge correctly determined that plaintiffs have pleaded the requirements for obtaining relief. Specifically, plaintiffs have adequately pleaded that defendant is obligated to submit monthly remittance reports and fringe benefits contributions to the plaintiffs for all hours worked or paid on behalf of defendant's covered employees, and that defendant failed to timely pay all the required contributions, resulting in late fees that have not yet been paid. Id. at 5-6. In addition, the magistrate judge correctly found that plaintiffs are entitled to damages for the unpaid contributions, as well as interest, liquidated damages, late fees, and attorney's fees and costs under 29 U.S.C. § 1132(g)(2), and that plaintiffs have submitted appropriate documentation to establish the amount of damages and the reasonableness of the fees. Id.

Accordingly, the Report [Dkt. No. 11] is ADOPTED in full, and it is hereby

ORDERED that plaintiffs' Motion for Default Judgment [Dkt. No. 7] be and is GRANTED, and plaintiffs' proposed Judgment and Order will be entered.

The Clerk is directed to enter judgment in this matter pursuant to Fed. R. Civ. P. 55, forward copies of this Order and the Judgment and Order to counsel of record and defendant, and close this civil action.

Entered this 30th day of June, 2021.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge

3